UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 04-50026-01-KES |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S FIRST AND |
| vs. | ) | SECOND MOTIONS TO |
| | ) | ALLOW INTO |
| ROBERT RAYMOND TAIL, | ) | EVIDENCE SEXUAL |
| | ) | INFORMATION ABOUT |
| Defendant. | ) | THE ALLEGED VICTIMS |

Defendant, Robert Raymond Tail, moves for an order to allow into evidence sexual information about the alleged victims (Dockets 46 and 54). For the reasons discussed below, Tail's motions are denied.

## BACKGROUND

The government indicted Tail for the sexual abuse of J.H., a person under the age of 16, and M.H., a person under the age of 12. J.H. and M.H were living with Tail and his wife when the alleged acts occurred. At trial, Tail seeks admission of evidence of J.H.'s and M.H.'s previous sexual abuse allegations and their other sexual activity. The government has informed the court that it does not intend to offer into evidence the fact that J.H. tested positive for Hepatitis B, that the medical examination of J.H. showed clefting of her hymenal ring, or any other evidence of semen, injury, or other physical evidence regarding either J.H. or M.H.

**DISCUSSION**

In a sexual assault prosecution, Fed. R. Evid. 412 limits the introduction of evidence concerning the victim's sexual activities. The evidence is inadmissible "to prove that any alleged victim engaged in sexual behavior" or "to prove any alleged victim's sexual predisposition." Fed. R. Evid. 412(a)(1), (2). This is subject to three specific exceptions:

(A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;

(B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and

(C) evidence the exclusion of which would violate the constitutional rights of the defendant.

Fed. R. Evid. 412(b)(1)(A)-(C). "In the absence of an applicable exception, Rule 412 'specifically bars admission of evidence of past sexual behavior of an alleged rape victim.'" United States v. White Buffalo, 84 F.3d 1052, 1054 (8th Cir. 1996) (quoting United States v. Blue Horse, 856 F.2d 1037, 1040 (8th Cir. 1988)). Thus, to be admissible, each offer of proof in Tail's motions must fit within one of the Rule 412(b)(1) exceptions.

**A.    Allegations of Sexual Abuse**

Tail seeks to introduce evidence that J.H. and M.H. falsely reported that Darwin Apple, Jesse Fabian Ortega, and Frank Johnson sexually

abused them "in order to move into a new residence." (Docket 55-1). Tail alleges that these allegations are admissible to show J.H.'s and M.H.'s bias, prejudice, or motive to fabricate their allegations against Tail. Tail argues that the evidence is admissible under either Fed. R. Evid. 412(b)(1)(C) or 608(b),[1] and that the Sixth Amendment's Confrontation Clause prevents exclusion.[2]

The Confrontation Clause only requires admission of probative evidence. White Buffalo, 84 F.3d at 1054. The relevance and probative value of false allegation evidence is "directly related to the strength of the evidence tending to show that the charge was in fact false." Bartlett, 856 F.2d at 1088. Thus, as a threshold matter, Tail's evidence that the allegation was false must be strong; otherwise, the evidence has limited probative value. If the evidence has minimal probative value, the court can exclude it without infringing upon the Confrontation Clause. Bartlett, 856 F.2d at 1088.

---

[1] The court refrains from deciding whether prior false allegations are governed by Fed. R. Evid. 412 or Fed. R. Evid. 608 because the Confrontation Clause analysis is the same under either rule. United States v. Bartlett, 856 F.2d 1071, 1088 (8th Cir. 1988).

[2] Tail argues that exclusion of this evidence would deny his constitutional right to fair trial and right to defend himself. (Docket 47-1). But this is really a Confrontation Clause issue. See Bartlett, 856 F.2d at 1088 (8th Cir. 1988). Indeed, Tail's argument focuses on the Confrontation Clause. (Docket 55-1).

If Tail fails to establish falsity, the evidence is governed by Fed. R. Evid 412, not Fed. R. Evid. 608(b), because it is evidence of sexual behavior rather than a prior false allegation. See Bartlett, 856 F.2d at 1088 (stating that prior false allegations may be covered by Fed. R. Evid. 608(b)). Thus, to be admissible it would have to fit one of the exceptions to Rule 412(b)(1).

Finally, admission without proof of falsity invites the jury to speculate. See United States v. Withorn, 204 F.3d 790, 795 (8th Cir. 2000). And an inquiry into the allegation's falsity at trial creates a danger of confusing the issues and misleading the jury that substantially outweighs the evidence's limited probative value. See Fed. R. Evid. 403; see also Shaw v. United States, No. 95-3146, 1996 WL 428638, at *2 (8th Cir. Aug. 1, 1996).

### 1.  Darwin Apple

Tail contends that evidence that Darwin Apple had sexual contact with J.H. and M.H. between May and December of 2002 is admissible. In his offer of proof, Tail relies on the Oglala Sioux Tribal Department of Public Safety report (OST report) dated January 24, 2003. The report reflects that Vanessa Tail, the cousin of J.H. and M.H., reported that Babette Thin Elk, Apple's wife, was engaging in physical abuse of J.H. and M.H. and that Darwin Apple had pushed them off the couch. (Docket 47-1, Exhibit 1). While the OST report does not reflect that the girls ever reported that they

were sexually abused by Apple, Tail's memorandum generally states that the children "have reported claims to various people that Darwin Apple sexually abused them." (Docket 47-1, p.4).

    Because this motion only addresses whether the evidence is admissible under Rule 412, the court will not address at this time whether the allegations of physical abuse made by the girls are admissible. This evidence is not evidence of past sexual behavior of the alleged victims and thus does not fall under Rule 412.

    With regard to the general allegation that Darwin Apple sexually abused the alleged victims, Tail has identified no witness who would testify that the allegation was made or officially reported or that the allegation was false. Tail's offer of proof does not include evidence that Apple himself has denied the claim. Although Tail's counsel claimed at oral argument that Thin Elk stated that she never observed inappropriate behavior between Apple and J.H., the report of Thin Elk's interview provides no such statement. (Docket 90-2).

    After considering the evidence, the court finds that the strength of the evidence tending to show that the charge was in fact false is weak. In fact, the evidence that an allegation was even made is weak. It is very doubtful the evidence will convincingly show falsity. Because the probative value of the evidence depends "on the inference that, because the victim made [a]

5

false accusation in the past, the instant accusation is also false," the value of the inference to be drawn is minimal. Bartlett, 856 F.2d at 1088.

Because Tail's proffer fails to establish falsity, the allegations that Johnson sexually abused J.H. and M.H. are evidence of sexual activity governed by Fed. R. Evid. 412. Because the evidence does not fit within any of the Rule 412(b)(1) exceptions, Rule 412(a) bars admission. See Bartlett, 856 F.2d at 1088 (stating confrontation clause does not require admission of evidence with minimal probative value).

Further, this evidence's minimal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and may be misleading to the jury if admitted. Accordingly, the evidence is also inadmissible under Fed. R. Evid. 403.

**2. Jesse Fabian Ortega**

Tail seeks to introduce evidence that J.H. and M.H. falsely accused Jesse Fabian Ortega, their Grandma Mary Johnson's boyfriend, of sexual abuse. The evidence establishes that J.H. did report in May of 2002 that Ortega touched her crotch with his hand. (Docket 50-3, Exhibit A). M.H. made no allegation of abuse by Ortega. (Docket 50-3, Exhibit B). Both girls were interviewed at the Child Advocacy Center. J.H. and M.H. were living with their grandmother at the time of J.H.'s allegation. Tail contends the

alleged victims made the report so the girls would be moved to a different location.

Tail's offer of proof does not include any evidence that M.H. ever alleged that she was sexually abused by Ortega. While Tail has established that J.H. accused Ortega of sexual abuse, the allegation's falsity remains uncertain. Tail offers the interview of Mary Johnson, who states that she knew the allegation of J.H. was false because Mary "was always around and knew nothing had happened." (Docket 55-2, Exhibit 2.b). Additionally, in an oral offer of proof during the hearing, Tail's investigator testified that Ortega denied that the abuse occurred when she interviewed him.³ The investigator's notes of the interview, however, reflect no such denial. (Docket 55-2, Exhibit 2.g). J.H. has admitted under oath that the reason she moved out of Mary's house was based on the problems she had with Ortega. (Docket 55-2, Exhibit 5). Ortega was neither charged with sexual abuse nor acquitted of sexual abuse with regard to this allegation.

After reviewing the evidence, the court finds the probative value of the evidence to be minimal. The strength of the evidence tending to show that the charge by J.H. was in fact false is limited. Ortega had a motive to lie because an admission on his part would constitute admitting that he

---

³The investigator testified that she interviewed Ortega with Mary Johnson present.

committed a federal crime. Furthermore, he was interviewed in the presence of his girlfriend, giving him further motive to lie. The statement of Mary is only a general denial without much evidentiary weight. Ortega has not been acquitted of the sexual abuse allegation and the court has not been provided with evidence that J.H. admitted that she lied about her Ortega allegation. Thus, we are left with bare allegations from both sides and no firm proof of the falsity of J.H.'s allegation. "A conclusion that [J.H.'s] unadjudicated accusation against [Ortega] is false, however, would have required the jury to rely on sheer speculation." Withorn, 204 F.3d at 795. As a result, the court finds the probative value of the evidence to be minimal. Admission of the evidence would result in a mini-trial on a collateral issue, which has the potential of confusing the issues and misleading the jury, which substantially outweighs the evidence's limited probative value.

The district court in United States v. Stamper, 766 F. Supp. 1396 (W.D.N.C. 1991), discusses the importance of clear evidence of falsity. The court held that the Confrontation Clause requires admission of prior false allegations when the victim "admitted that she lied about the three prior alleged occurrances [sic] of sexual abuse." Id. at 1398. The court distinguished cases permitting exclusion, including Bartlett, because Stamper presented "substantial proof of falsity . . . ." Id. at 1403 n.3. Here,

we have no clear evidence of falsity and thus admission of the evidence is not required under the confrontation clause.

Because Tail's offer of proof fails to establish the evidence's falsity, this evidence is governed by Fed. R. Evid. 412. The evidence does not fit within a Rule 412(b)(1) exception. Additionally, danger for unfair prejudice, confusion of the issues, and misleading the jury substantially outweighs this evidence's minimal probative value. Accordingly, the evidence is inadmissible under Rules 412(a) and 403.

### 3. Frank Johnson

Tail seeks to introduce evidence that J.H. and M.H. falsely accused Frank Johnson, son of Mary Johnson, of sexual abuse. From Tail's offer of proof, there is no evidence that the allegation was reported to the authorities. The only reference to the allegation is in the interview of Mary wherein she states: "J.H. accused Frank (Mary's son) and Fabian (Mary's husband) of molesting her. J.H. just told people, she didn't go to the cops or counselors." (Docket 77-3).

Tail's offer of proof does not include any evidence that M.H. ever alleged that she was sexually abused by Frank Johnson. While the offer of proof does indicate that Mary claimed that J.H. made such an accusation, there is no evidence that the allegation was reported to law enforcement, social services, or any other mandatory reporter. Tail's offer of proof also

does not include a statement by Frank Johnson denying that he molested J.H. The only evidence suggesting falsity is Mary's statement that she knew the allegation was false because she "was always around and knew nothing had happened." (Docket 55-2). Furthermore, there is no evidence that J.H. recanted or that Frank Johnson was acquitted. Without more evidence of both falsity and that an allegation was actually made, this evidence has minimal probative value.

Absent proof of falsity, this evidence is prohibited by Rule 412(a). And, the danger of undue prejudice, confusion of the issues, and misleading the jury substantially outweigh this evidence's limited probative value for the reasons discussed above. Accordingly, any evidence that J.H. or M.H. made allegations of sexual abuse or engaged in sexual activity with Frank Johnson is inadmissible.

**4. Records of Placement**

Tail seeks to introduce other (presumably meaning undiscovered) placement records that show additional false sexual abuse allegations. Tail has failed to establish that any other records exist, let alone the falsity of the allegations contained therein. Because Tail has failed to establish the allegations' falsity, this evidence is inadmissible under Fed. R. Evid. 412(a) and 403.

10

**B.     J.H's Hepatitis B Diagnosis**

Tail seeks to introduce evidence of J.H.'s Hepatitis B diagnosis to establish that she engaged in sexual activity.  Tail has proffered evidence that he recently tested negative for Hepatitis B.  (Docket 118).  Even if J.H. contracted the disease through sexual contact, which is uncertain, this is sexual behavior evidence prohibited by Fed. R. Evid. 412(a).  Furthermore, exclusion of the evidence does not deprive Tail of a constitutional right because the government has informed the court that it does not intend to offer the Hepatitis B evidence.  See White Buffalo, 84 F.3d at 1054.  Accordingly, this evidence is inadmissable under Rule 412(a).

**C.     Sexual Contact with Zuya Wakapela White Plume**

Tail seeks to introduce evidence that M.H.[4] engaged in sexual activity with Zuya White Plume (Zuya).  Zuya was convicted of sexual abuse of a minor, namely M.H., on December 14, 2004.  Tail claims that this evidence is admissible to show the source of M.H.'s sexual knowledge and to help establish her  "motive, bias, prejudice, and ulterior motives."

---

[4]Tail's motion alleges that the indictment referred to J.H. as the victim.  The indictment in fact references M.H.  As a result, when discussing this issue, the court refers to M.H. as the victim involved in the indictment and J.H. as the person who Tail claims "it is plausible" may also have been sexually abused by Zuya.  Tail's motion, however, refers to J.H. as the victim in the indictment and M.H. as the second victim.

11

This is prototypical evidence of a victim's sexual behavior prohibited by Fed. R. Evid. 412(a). Moreover, this evidence is not admissible to establish the source of M.H.'s sexual knowledge because nothing suggests, nor does the government intend to introduce evidence suggesting, that she had sexual knowledge beyond her years. See Shaw v. United States, 892 F. Supp. 1265, 1276 (D.S.D. 1995), aff'd, 92 F.3d 1189 (8th Cir. 1996) (barring evidence when victim did not exhibit sexual knowledge beyond her years). Further, Tail fails to show how this evidence suggests that M.H. is biased or motivated to lie. As a result, the danger of unfair prejudice, confusion of the issues and misleading the jury created by an inquiry into this sexual activity substantially outweighs the evidence's limited probative value. See Fed. R. Evid. 403; see also Shaw, 1996 WL 428638, at *2. Accordingly, all evidence of Zuya's sexual abuse of M.H. is inadmissible.

Tail also states that "It is plausible that Zuya also had sex with [J].H." and he seeks to introduce evidence of such alleged sexual activity. Any evidence of a sexual relationship between Zuya and J.H. is inadmissible pursuant to Fed. R. Evid. 412(a) and 403 for the same reasons set forth regarding M.H. discussed above.

**D.     Sexual Contact with Percy White Plume III**

Tail seeks to introduce evidence that the J.H. and M.H. engaged in sexual activity with Percy White Plume III and Zuya. The evidence to

support this allegation consists of witnesses who saw J.H. and M.H. and the White Plumes coming in and out of a van. Inside the van one witness saw a mattress and a pillow. No witness saw sexual activity occur. If such sexual activity did in fact occur, the evidence is inadmissible under Fed. R. Evid. 412(a) and 403.

**E.     Abortion Records**

Tail seeks to introduce alleged evidence of abortion records to establish a history of sexual activity of J.H. and M.H. The court has not been provided with any records to review. If the records in fact do exist, this is inadmissible evidence of sexual behavior that is barred by Rule 412(a). Additionally, the potential for unfair prejudice created by an examination into the highly private matter of an abortion substantially outweighs the evidence's limited probative value. See Fed. R. Evid. 403.

**F.     Pregnancies or Children**

Tail seeks to introduce evidence that J.H. and M.H. previously had children or were pregnant in order to show their history of sexual activity. This evidence is inadmissible according to Fed. R. Evid. 412(a).

**G.     J.H.'s Clefting of Hymenal Rim**

Tail seeks to introduce evidence that J.H. has "'clefting of the hymenal rim' that is consistent with sex." (Docket 47). Tail cannot introduce the evidence under Fed. R. Evid. 412(b)(1)(A) because the government is not

presenting evidence suggesting that Tail was the source of the condition. White Buffalo, 84 F.3d at 1054. Rather, Tail seeks to use the evidence to establish sexual activity which is prohibited by Rule 412(a). Accordingly, this evidence is inadmissible.

**H.    Medical Treatment and Examinations**

Tail seeks to introduce evidence of the medical records of both alleged victims to corroborate their past sexual activity. As discussed above, evidence of this sexual activity is expressly excluded by Rule 412(a). Accordingly, the medical records are inadmissible to establish the alleged victims' sexual activity.

Accordingly, it is hereby

ORDERED Tail's motion to allow into evidence sexual information about the alleged victims (Docket 46) and his second motion to allow into evidence sexual information about the alleged victims (Docket 54) are denied in their entirety.

Dated August 31, 2005.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

14